Gregory Alan Rutchik, Esq. (SBN: 195423)
Joshua S Levenberg, Esq. (SBN: 203504)
LINER YANKELEVITZ SUNSHINE &
REGENSTREIFF LLP
199 Fremont Street, 20th Floor
San Francisco, California 94105

Attorneys for Plaintiff and Counter-defendants
TONIC WEAR, INC. and KIRK THORNBY

Julia Molander, Esq. (SBN: 83839)
Laura Goodman, Esq. (SBN: 142689)
SEDGWICK, DETERT MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105

Attorneys for Defendant and Counter-complainant
RLI Insurance Company

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONIC WEAR, INC., a California corporation, | Case No. 305-cv-03484 |
| Plaintiff, | **STIPULATED AND [PROPOSED]** |
| vs. | **PROTECTIVE ORDER** |
| RLI INSURANCE COMPANY, an Illinois corporation, , | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS. | |

## **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve the production of confidential, proprietary, or private business information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this action

would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protection to any material and that the protection afforded extends only to the limited material properly designated as confidential under applicable legal principles.

The parties further acknowledge that this Order creates no entitlement to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## **TERMS OF PROTECTIVE ORDER**

1. As hereinafter used, the term "CONFIDENTIAL" refers to any information that is proprietary, trade secret or confidential business information and that is designated by a party as "CONFIDENTIAL." Material designated for protection shall be designated so as to make it clear what is being designated as "CONFIDENTIAL." The term "CONFIDENTIAL" shall not include any information that is or becomes public knowledge, was disclosed by a third-party, or was obtained independent of this action. Nothing in this Order precludes the parties from disclosing "CONFIDENTIAL" information to the Court in compliance with the terms of this Order.

2. All materials marked "CONFIDENTIAL," and any copies of any document that has been designated as CONFIDENTIAL as specified herein, any excerpt, quotation, paraphrase, summary, or other description thereof that conveys the contents thereof, may be used by the receiving party only for the purposes of this action, and are subject to the terms of this Order.

3. A party may designate material as "CONFIDENTIAL" only when the designating party contends, in good faith, that the material is proprietary, trade secret or confidential business information warranting protection under the law. The "CONFIDENTIAL" designation shall be made at or prior to the time of production or receipt of documents (or the giving of testimony or other information) or as soon thereafter as practicable, but in no event more than five (5) business days after production or receipt of "CONFIDENTIAL" material, and shall clearly appear on the material, or portion thereof, designated as "CONFIDENTIAL." Upon receipt of a

deposition transcript, the party representing the deponent has five (5) business days to provide written notice to the party that took the deposition of any alterations relating to prior designation of any portion of the deposition transcript as "CONFIDENTIAL." Any notice of a change in designation of a portion of a deposition transcript previously marked as "CONFIDENTIAL" must be accompanied by a disclosure of the exact pages and lines that are to be designated "CONFIDENTIAL." Any party has the right to object to any "CONFIDENTIAL" designation as set forth in this Order

4. Responses to interrogatories, requests for admission, documents and videotapes are subject to this Order if prominently marked "CONFIDENTIAL." In the case of responses to interrogatories and responses to requests for admissions, only the specific material that the disclosing party asserts is confidential shall be marked as such. In the case of deposition answers embodying confidential information, counsel for the party from whom confidential information is sought shall designate the confidential portions of a witness's testimony by a statement on the record, either before the beginning of the confidential portion, at the end of the confidential portion, at the beginning of the deposition, or at the end of the deposition. As to any transcript containing testimony designated "CONFIDENTIAL", the private certified shorthand reporter shall prominently indicate on the cover of the transcript that the transcript contains "CONFIDENTIAL" testimony. The shorthand reporter shall also create a separate page immediately before any portion of the deposition transcript designated as "CONFIDENTIAL" that reads "BEGINNING OF 'CONFIDENTIAL' TESTIMONY" and a separate page immediately after any portion of the deposition transcript designated as "CONFIDENTIAL" that reads "END OF 'CONFIDENTIAL' TESTIMONY," such that all "CONFIDENTIAL" testimony appearing in the transcript is clearly identifiable in advance. To the extent possible, the shorthand reporter shall also clearly identify portions of the transcript that contain "CONFIDENTIAL" testimony in the table of contents of the transcript. With regard to videotape(s), CD(s) or DVD(s) of depositions in which any testimony therein is designated as "CONFIDENTIAL", the videographer shall clearly and prominently mark any tapes, CDs or DVDs that contain material designated as "CONFIDENTIAL" by indicating that "THIS [TAPE,

CD or DVD] CONTAINS 'CONFIDENTIAL' TESTIMONY" and shall also indicate the location of such material on the media to the greatest extent possible, for example by labeling the tape, CD or DVD with the times at which "CONFIDENTIAL" testimony appears.

5. All "CONFIDENTIAL" material shall be retained by counsel and shall not be disclosed by counsel to anyone except to the following persons:

   A. Current officers and former employees of the parties to whom it is necessary that the designated material be shown for purposes of this action. To the extent that either party intends to disclose CONFIDENTIAL material to a former employee, that party will provide advance notice to the designating party and will seek approval before disclosing "CONFIDENTIAL" material;

   B. Attorneys of record, their partners and associates and other counsel employed in connection with this action;

   C. Independent experts and/or consultants engaged by counsel to furnish technical or expert services or to give testimony with respect to the subject matter of this action;

   D. Persons engaged by the parties' attorneys to assist in this action, including any certified shorthand reporters, professional photocopy or microfilm services, secretaries, paralegals, law clerks, file clerks or other office personnel or temporary office personnel;

   E. Any witness; and

   F. Any judicial officer, discovery referee, arbitrator, mediator, court employee or juror assigned to work on this case in connection with this action.

6. Unless modified by written agreement of counsel or court order, only those persons authorized by this order to receive "CONFIDENTIAL" information and certified shorthand reporters and video operators may be present during portions of depositions designated "CONFIDENTIAL." All persons given access by counsel to confidential information under Paragraph 6 (C) or (E), shall complete and sign a copy of the form agreement attached hereto as Exhibit "A." Such restrictions, however, shall not apply to information which at or prior, to disclosure thereof in this action is or was public knowledge or was otherwise disclosed by a third-party, or which, after disclosure thereof, becomes public knowledge or is disclosed by a

1  third-party, or which was or becomes known to the receiving party from a source other than the
2  disclosing party. This paragraph does not apply to the Court, its employees, or court reporters
3  employed or contracted by the Court.

4     7. A party that seeks to file under seal any "CONFIDENTIAL" information must
5  comply with Civil Local Rule 79-5.

6     8. Any party may challenge a "CONFIDENTIAL" designation by serving a written
7  objection in good faith that the material is not properly designated as "CONFIDENTIAL."
8  Within 5 court days of this objection, the party asserting confidentiality shall identify in writing
9  the basis for the asserting confidentiality, which may include an applicable privilege, statute, law
10 or any other justification or basis for its designation. If the designating party does not respond,
11 the material will not be deemed "CONFIDENTIAL", despite any marking on the material. If the
12 parties cannot, despite a good faith meet and confer effort, resolve their differences concerning
13 the protection to be afforded to the material, the designating party may bring a noticed motion
14 before the Court requesting that the "CONFIDENTIAL" designation remain in place. If no such
15 motion is made within 25 days of service of the original objection, the material will be deemed to
16 not be "CONFIDENTIAL" despite any marking on the material. If such a motion is brought, the
17 restrictions of this Order and the "CONFIDENTIAL" status of the material will remain in place
18 until the Court decides the matter.

19     9. Nothing in this Order shall be deemed a waiver of the right of any party to oppose
20 production of any information or documents for any reason whatsoever.

21     10. Nothing contained herein shall restrict any party from introducing material
22 designated "CONFIDENTIAL" at trial; however, the designating party may seek a protective
23 order prior to trial with respect to specific CONFIDENTIAL documents that may be marked as
24 exhibits at trial.

25     11. Should either party receive a subpoena or other legal process, or service requiring
26 disclosure of another party's "CONFIDENTIAL" material, the receiving party will immediately
27 notify the designating party in writing of said subpoena, legal process or service, in order to
28 provide the designating party an opportunity to seek and secure a protective order or other

appropriate order or stipulation precluding the disclosure of "CONFIDENTIAL" material, and the party who has been requested to disclose such information will reasonably cooperate with the party seeking to preclude disclosure. Nothing in this Order shall be deemed to prohibit any person subject to its terms from complying with lawful process or other legal obligations.

12. Within thirty (30) days after the final determination of this action (including all appeals), all persons subject to the terms hereof shall destroy all material designated "CONFIDENTIAL" in addition to all copies thereof, and shall also destroy all other outlines, summaries, abstracts, compilations, memoranda and other documents, embodying or concerning "CONFIDENTIAL" information or materials, except that each party may retain one (1) copy of all "CONFIDENTIAL" materials, including all hearing exhibits, deposition exhibits, and papers submitted to the Court, solely for reference or use in case a dispute arises over the use of "CONFIDENTIAL" material that is subject to this Order or over compliance with a decision of the Court in this action. After thirty (30) days have passed, upon the written request of either party, the other party must provide written confirmation within five (5) business days that it has complied with the terms and obligations of this paragraph.

13. Nothing in this Order shall be deemed to preclude any party from seeking, on an appropriate showing, additional protection with respect to the confidentiality of any information or documents.

14. Nothing in this Order shall limit any party in the use of its own documents or from disclosing its own CONFIDENTIAL documents and information, although any such use or disclosure not in compliance with the provisions of this Order will waive the protection provided by this Order.

15. Nothing in this Order shall be deemed to preclude or limit in any way the use during the trial of this action of material designated as "CONFIDENTIAL".

16. The provisions of this Order regarding the use of "CONFIDENTIAL" information shall survive the termination of this action, unless otherwise agreed to by the parties or ordered by the Court.

17. This Order may only be amended by a written stipulation executed by counsel of record for each party, or by an Order of the Court.

18. This Order may be executed in two or more counterparts, including facsimile counterparts, each of which will be deemed an original and all of which shall constitute the Stipulation among the parties.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

Date: November 8, 2006          LINER YANKELEVITZ
                                SUNSHINE & REGENSTREIF LLP


                                By:  _____/S/_____
                                    Gregory A. Rutchik
                                    Joshua S Levenberg
                                    Attorneys for Plaintiff TONIC WEAR, INC.
                                    and Counter-defendants TONIC WEAR, INC.
                                    and KIRK THORNBY

Date: November 8, 2006          SEDGWICK, DETERT, MORAN & ARNOLD LLP


                                By:  _____/S/_____
                                    Laura L. Goodman
                                    Attorneys for Defendant and Counterclaimant
                                    RLI INSURANCE COMPANY

## ORDER

GOOD CAUSE appearing therefore, it is so ordered.

Dated: November 14, 2006

_____
The Honorable Elizabeth LaPorte
Magistrate Judge

*IT IS SO ORDERED*
*Judge Elizabeth D. Laporte*

| | |
|---|---|
| 1 | **EXHIBIT A** |
| 2 | |
| 3 | 1.     The person who signs below acknowledges that he or she has read and |
| 4 | understands this Stipulated Protective Order ("Order") and agrees to be bound by the terms and |
| 5 | conditions of this Order. |
| 6 | 2.     The person who signs below agrees not to disclose, and to use the documents or |
| 7 | materials marked CONFIDENTIAL, and the information contained therein, solely for purposes |
| 8 | of this action and in compliance with this Order, and acknowledges that the Court issuing this |
| 9 | Order has personal jurisdiction of such matters and will enforce the terms and conditions of this |
| 10 | Order. |

Dated: _____                    _____

Case No. 305-cv-03484
ACKNOWLEDGMENT OF] STIPULATED PROTECTIVE ORDER